```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

CHARLENE KOCIUBA,

        Plaintiff,

   -vs-

OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE OTDA,

        Defendant.

**DECISION and ORDER
No. 6:15-cv-06672(MAT)**

_____

## I. Introduction

Proceeding pro se, Charlene Kociuba ("Plaintiff" or "Kociuba") instituted this action against the New York State Office of Temporary and Disability Assistance ("Defendant" or "NYSOTDA") pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII")); Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("the ADA"); and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("the NYSHRL"). Defendant has filed a Motion to Dismiss, seeking dismissal of Plaintiff's ADA and Title VII claims, but not addressing Plaintiff's NYSHRL claims Plaintiff did not file any papers in opposition to the motion. There is no indication that Plaintiff did not receive Defendant's motion papers.

For the reasons discussed further herein, Defendant's Motion to Dismiss is granted.

## II. Background

The following factual summary is taken from the allegations in Plaintiff's Complaint and the exhibits annexed thereto.

Plaintiff is an individual with a disability (total hearing loss in her left ear, but full hearing ability in her right ear). She began working for Defendant on April 10, 2014, as a Disability Analyst. Defendant terminated her employment effective September 12, 2014, while she was still during her probationary period. Plaintiff alleges that she was terminated due to performance problems that were directly caused by Defendant's inability to provide effective accommodations for her hearing impairment while she trained for her position as a Disability Analyst. Although Defendant made several ineffective efforts to accommodate her disability, Plaintiff alleges that these efforts only served to cause resentment among her co-workers and trainers. In particular, the trainers harassed her about the inconvenience those accommodations caused them.

Plaintiff also alleges that her termination was in retaliation for her participating as a witness in an internal investigation conducted by Defendant concerning sexual harassment by one of Defendant's employees against several trainees (not including Plaintiff).

**III.  Legal Standards on Motions to Dismiss**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Therefore, a case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When resolving a Rule 12(b)(1) motion to dismiss, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). However, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Court must accept "all factual allegations in the complaint and draw . . . all reasonable inferences in the plaintiff's favor." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted). "To survive a motion to dismiss, a

complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). Where, as here, a plaintiff is proceeding pro se, the complaint must be considered under a "less stringent standard" than that applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, (1972).

**IV. Discussion**

    **A.    Lack Of Subject Matter Jurisdiction Over ADA Claims**

Defendant asserts that Plaintiff's ADA claim is barred by the doctrine of sovereign immunity.

In general, the Eleventh Amendment of the United States Constitution[1] precludes Federal jurisdiction over a lawsuit brought against a State. See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669-70 (1999) (noting that the Eleventh Amendment "repudiated the central premise . . . that the jurisdictional heads of Article III superseded the sovereign immunity that the States possessed before entering the Union") (citations omitted). This jurisdictional bar "extends not only to a state, but also to entities considered 'arms of the state[,]'" McGinty v. New York, 251 F.3d 84, 95 (2d Cir. 2001)

---

[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI.

(quotation and citation omitted), and applies "'whether the relief sought is legal or equitable,'" Rosenberger v. New York State Office of Temporary and Disability Assistance, 153 F. App'x 753, 754 (2d Cir. Sept. 21, 2005) (quoting Papasan v. Allain, 478 U.S. 265, 276 (1986)). The NYSOTDA is considered an "arm of the state" for the purpose of the Eleventh Amendment. E.g., Baez v. New York, 56 F. Supp.3d 456, 464 (S.D.N.Y. 2014) (citations omitted)).

"Because Plaintiff's suit alleges discrimination in employment on the basis of her disability, it arises under Title I of the ADA." Baez, 56 F. Supp.3d at 464 (citing 42 U.S.C. § 12112(a)). The Supreme Court has held that the Eleventh Amendment bars Federal lawsuits by State employees to recover money damages by reason of the State's failure to comply with Title I of the ADA. Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001) (holding that Congress, in passing the ADA, did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I).

The State has not waived its Eleventh Amendment immunity to suit. Accordingly, the Court must grant Defendant's motion to dismiss Plaintiff's ADA claims for lack of subject-matter jurisdiction. Baez, 56 F. Supp.3d at 464 (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996) (The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed

upon federal jurisdiction. Petitioner's suit against the State of Florida must be dismissed for a lack of jurisdiction.")).

### B.  Failure To State A Title VII Retaliation Claim

Defendant argues that Plaintiff has failed to state a claim for retaliation under Title VII because she did not engage in a protected activity.

Section 704(a) of Title VII has two distinct clauses forbidding retaliation against employees engaged in protected activity: the opposition clause and the participation clause. The opposition clause makes it "unlawful . . . for an employer to discriminate against any . . . employee[ ] . . . because he has opposed any practice made unlawful . . . by this subchapter," while the participation clause makes it unlawful for an employer to discriminate against any employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

In order for Plaintiff to have a viable Title VII retaliation claim based on her participation in Defendant's internal investigation into alleged sexual harassment in the workplace, Plaintiff must show that 42 U.S.C. § 2000e-3(a) encompasses participation in internal sexual harassment investigations not connected with any formal Equal Employment Opportunity Commission ("EEOC") proceeding or charge. The Second Circuit has joined

"[e]very Court of Appeals to have considered this issue squarely" and "has held that participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause." Townsend v. Benjamin Enters., 697 F.3d 41, 49 (2d Cir. 2012) (citing Hatmaker v. Memorial Med. Ctr., 619 F.3d 741, 746-47 (7th Cir. 2010) ("The "investigation" to which section 2000e-3 refers does not include an investigation by the employer, as distinct from one by an official body authorized to enforce Title VII. . . . To bring an internal investigation within the scope of the clause we would have to rewrite the statute. We therefore join the courts that interpret the participation clause as being limited to official investigations."); EEOC v. Total Sys. Servs., 221 F.3d 1171, 1174 (11th Cir. 2000); Vasconcelos v. Meese, 907 F.2d 111, 113 (9th Cir. 1990)).  Plaintiff's Title VII claim therefore must be dismissed for failure to state a claim.

**C.   Lack Of Subject Matter Jurisdiction Over NYSHRL Claims**

Although Defendant has not moved to dismiss Plaintiff's NYSHRL claims, "[w]hether a federal court has subject matter jurisdiction is a question that 'may be raised at any time . . . by the court sua sponte.'" McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000); ellipsis in original); see also, e.g., Figurowski v. Marbil Investors, LLC, No. 14-CV-7034(JS)(GRB), 2015

"[e]very Court of Appeals to have considered this issue squarely" and "has held that participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause." Townsend v. Benjamin Enters., 697 F.3d 41, 49 (2d Cir. 2012) (citing Hatmaker v. Memorial Med. Ctr., 619 F.3d 741, 746-47 (7th Cir. 2010) ("The "investigation" to which section 2000e-3 refers does not include an investigation by the employer, as distinct from one by an official body authorized to enforce Title VII. . . . To bring an internal investigation within the scope of the clause we would have to rewrite the statute. We therefore join the courts that interpret the participation clause as being limited to official investigations."); EEOC v. Total Sys. Servs., 221 F.3d 1171, 1174 (11th Cir. 2000); Vasconcelos v. Meese, 907 F.2d 111, 113 (9th Cir. 1990)).  Plaintiff's Title VII claim therefore must be dismissed for failure to state a claim.

**C.   Lack Of Subject Matter Jurisdiction Over NYSHRL Claims**

Although Defendant has not moved to dismiss Plaintiff's NYSHRL claims, "[w]hether a federal court has subject matter jurisdiction is a question that 'may be raised at any time . . . by the court sua sponte.'" McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000); ellipsis in original); see also, e.g., Figurowski v. Marbil Investors, LLC, No. 14-CV-7034(JS)(GRB), 2015

WL 4000500, at *2, n. 2 (E.D.N.Y. July 1, 2015) ("Although Defendants do not seek dismissal for lack of subject matter jurisdiction, the Court may raise the issue of subject matter jurisdiction <u>sua sponte</u> and must dismiss any claim over which it lacks subject matter jurisdiction.") (citing, <u>inter alia</u>, FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

Even where, as here, all Federal claims have been dismissed, a Federal court still may exercise supplemental jurisdiction over a non-diverse State law claim such as Plaintiff's NYSHRL claim. <u>Tuckett v. New York State Dep't of Tax'n and Finance</u>, No. 99-CV-0679, 2000 WL 1028662, at *2 (S.D.N.Y. July 26, 2000). However, the Court cannot do so in this case because the NYSODTA's Eleventh Amendment immunity from suit in Federal court applies equally to Plaintiff's NYSHRL claim. In order for this Court to have the authority to adjudicate Plaintiff's NYSHRL claim, "either an express waiver by the State or a congressional abrogation of the Eleventh Amendment must exist" <u>Winokur v. Office of Court. Admin.</u>, 190 F. Supp.2d 444, 451 (E.D.N.Y. 2002) (citing <u>College Sav. Bank</u>, 527 U.S. at 670). Defendant has not explicitly waived its immunity in this case, and the district courts in this Circuit to have considered the issue uniformly have concluded that the NYSHRL's language does not contain evidence of such a waiver. <u>E.g.</u>, <u>Smith v. State Univ. of N.Y.</u>, No. 00-CV1454, 2003 WL 1937208, at *7

(N.D.N.Y. Apr. 23, 2003) ("[T]he district courts in this Circuit have repeatedly held that the New York Human Rights Law does not include a waiver of the State's sovereign immunity to suit in federal court."); (internal quotation marks omitted); see also Jungels v. State Univ. Coll. of N.Y., 922 F. Supp. 779, 784 (W.D.N.Y. 1996); Arroyo v. New York State Ins. Dep't, No. 91 Civ. 4200(MBM), 1993 WL 248210, at *2 (S.D.N.Y. June 30, 1993). Because the State of New York has not waived its Eleventh Amendment immunity with regard to NYSHRL suits in federal court, the Court must dismiss Plaintiff's NYSHRL claims. E.g., Deadwiley v. New York State Office of Children & Family Servs., 97 F. Supp.3d 110, 117 (E.D.N.Y. 2015) (citations omitted); Quadir v. New York State Dep't of Labor, 39 F. Supp.3d 528, 537-38 (S.D.N.Y. 2014); Tuckett, 2000 WL 1028662, at *2.

In the alternative, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining State law claim pursuant to the NYSHRL because there are no Federal claims remaining in this lawsuit. E.g., Widomski v. State Univ. of N.Y. (SUNY) at Orange, 933 F. Supp.2d 534, 554 (S.D.N.Y. 2013) (citing Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (stating that "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the

remaining state-law claims'") (quotation and citation omitted; ellipsis in original)), aff'd, 748 F.3d 471 (2d Cir. 2014).

**V.   Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt #4) is granted, and Plaintiff's Complaint (Dkt #1) is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

_____
   HON. MICHAEL A. TELESCA
   United States District Judge

Dated:   January 21, 2016
         Rochester, New York